BYE, Circuit Judge,
dissenting.
I believe it was unreasonable for Dr. Margaret Rector and medical director Wendy Kelley to provide no additional treatment to Reid and ignore the likelihood she would harm herself again after she cut off one testicle. I would reverse the district court’s order granting summary judgment in favor of Dr. Rector and Kelley in their individual capacities based on qualified immunity.
I read Reid’s complaint more broadly than the Court to allege Dr. Rector and Kelley deliberately ignored the risk Reid would harm herself, not merely that they ignored her requests for treatment for gender identity disorder (GID). Reid alleges she first visited Dr. Rector in 2012 and requested to see a GID specialist, but Dr. Rector denied the request. As a result, Reid went on a hunger strike, for which she was prescribed Prozac to treat her depression. In February 2013, she attempted to castrate herself and was rushed by ambulance to the hospital, where medics only saved one testicle. Following this incident, Reid met with a group of staff members, including Kelley and Dr. Rector, to request a formal diagnosis of GID. The board did not provide Reid with a GID diagnosis or any other diagnosis. They sent her back to her cell and Dr. Rector told her she would be fine. Four months later, Reid cut off her other testicle, at which time she was taken to the hospital and placed on suicide watch.
In her list of legal claims, Reid broadly alleges the “deliberate indifference to medical needs, unsafe conditions, and sexual discrimination” violated her Eighth Amendment rights. Nowhere in these legal claims does she allege Dr. Rector and Kelley were deliberately indifferent to her *1194 medical needs solely by failing to diagnose her with GID. Thus, while the complaint repeatedly mentions Reid’s frustration that she did not receive GID treatment, that is not her sole allegation.
If the pro se complaint is broadly read, as it must be, Johnson v. Arden, 614 F.Bd 785, 798 (8th Cir.2010), I do not believe Dr. Rector and Kelley are entitled to qualified immunity. Officials are entitled to qualified immunity if they could reasonably believe their response was not deliberately indifferent to a risk of harm. Gordon ex rel. Gordon v. Frank, 454 F.3d 858, 863 (8th Cir.2006). In this case, it was not reasonable for Dr. Rector and Kelley to believe they could simply send Reid back to her cell and tell her she would be fine when they knew she had previously gone on a hunger strike and mutilated one testicle. By doing so, they deliberately ignored the high risk Reid would harm herself, and as such they are not entitled to qualified immunity. See Reed v. Woodruff Cnty., Ark., 7 F.3d 808, 810 (8th Cir.1993) (“Our cases apply the same standard to a prisoner’s right to be protected from self-inflicted harm or suicide.”).
Citing Meuir v. Greene County Jail Employees, the Court argues Reid has failed to create a genuine dispute of material fact sufficient to survive summary judgment because she has produced “neither expert testimony nor documentary evidence to support [her] claim that the treatment provided by the Jail’s medical staff was constitutionally inadequate.” 487 F.3d 1115, 1119 (8th Cir.2007). But in Meuir, the defendants produced affidavits from a dentist and one of the treating doctors attesting the treatment they provided the plaintiff was adequate. Id. This evidence led this Court to conclude the plaintiffs mere statements that he received inadequate treatment did not create a genuine issue of material fact “[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate.” Id. (quoting Dulany v. Carnahan, 132 F,3d 1234, 1240 (8th Cir.1997)).
The same cannot be said here. Dr. Rector and Kelley did not file affidavits indicating they believed they provided Reid with adequate treatment when they continued her psychiatric medications and told her she would be fine after her first attempt to castrate herself. And while Dr. Rector and Kelley filed an affidavit from Dr. Albert Kittrell, Dr. Kittrell reviewed Reid’s file only to “provide an opinion as to whether [Reid’s file] indicates a diagnosis of gender dysphoria in light of DSM-V.” He did not opine whether Dr. Rector and Kelley provided adequate treatment to Reid after her first attempt to castrate herself.
This is not a case, like Meuir, where medical records and testimony of multiple doctors contradict the plaintiffs conclusory assertions and establish the care provided was adequate. Rather, the record shows that after Dr. Rector and Kelley knew Reid had been treated for psychological issues, had gone on a hunger strike, and had cut off one testicle, they provided no additional treatment. There is no evidence to support Dr. Rector’s and Kelley’s position that their failure to provide additional treatment to prevent Reid from self-harm was medically reasonable. Therefore, there is a genuine issue of material fact as to whether Dr. Rector and Kelley were deliberately indifferent to Reid’s medical needs, which precludes qualified immunity.
I would reverse the district court’s order granting qualified immunity to Dr. Rector and Kelley in their individual capacities.